Filed 4/24/26  P. v. Lewis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

PAUL DIXON LEWIS,

    Defendant and Appellant.

E086290

(Super.Ct.No. RIF1102889)

OPINION

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Paul Dixon Lewis, in pro. per.; and Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Paul Dixon Lewis appeals the order of the Riverside County Superior Court denying his second Penal Code section 1172.75 petition.[1]  We will affirm.

## BACKGROUND[2]

Defendant is an inmate at the California Rehabilitation Center in Norco, serving a 49-year sentence imposed in 1990 for kidnapping and repeatedly raping and assaulting a 15-year-old girl and threatening to bomb her house if she reported what had happened.

### 1. *Defendant Suffers Another Conviction While Incarcerated*

In May 2011, correctional officers searched defendant and found in his underwear a blue latex glove containing 13.2 grams of marijuana wrapped in 25 plastic bindles.

In June 2012, a jury convicted defendant of possessing a controlled substance in a penal institution (§ 4573.6) and possessing marijuana for sale (Health & Saf. Code, § 11359).  The trial court found true that defendant had eight strike priors (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)) and one prison prior enhancement (§ 667.5, subd. (b)).  It denied defendant's motion to strike seven of the strike priors and sentenced him to a prison term of 25 years to life plus one year for the prison prior enhancement. (*Lewis II*, *supra*, E080083.)

---

[1] All statutory references herein are to the Penal Code unless otherwise indicated.

[2] We have taken judicial notice on our own motion of the record and our opinion in defendant's appeal from the trial court's denial of his request for dismissal of his prior strike convictions, *People v. Lewis* (Mar. 13, 2024, E080083) [nonpub. opn.] (*Lewis II*). (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

On appeal, we ordered modifications of the minute order and abstract of judgment to correctly reflect the assessments and fees ordered, and to note on the abstract that defendant's conviction was by jury trial.  We affirmed the judgment in all other respects. (*People v. Lewis* (Dec. 19, 2013, E056993) [nonpub. opn.].)

2.  *Section 1172.75 Is Enacted*

Section 1172.75 became effective in January 2022.[3]  (Stats. 2021, ch. 728, § 3, (Sen. Bill No. 483), eff. Jan. 1, 2022.)  That provision eliminated as legally invalid all section 667.5, subdivision (b) prison prior sentence enhancements that were imposed before January 1, 2020, except those involving a prison prior for specified sexually violent offenses.  (§ 1172.75, subd. (a), (§ 1172.75(a)).)  A defendant eligible for resentencing relief pursuant to section 1172.75 is entitled to a full resentencing hearing. (§ 1172.75, subd. (c); *People v. Carter* (2023) 97 Cal.App.5th 960, 967–968.)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement coming within section 1172.75(a) and to provide the name of each person and other specified identifying information to the sentencing court.  (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75(a) enhancement.

---

[3] At the time of its enactment section 1172.75 was designated as section 1171.1. (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.)  It was renumbered to section 1172.75, effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12).

(§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

3. *Defendant's First Section 1172.75 Petition*

In 2022, defendant was entitled to a full resentencing on account of his prison prior. At the August 2022 section 1172.75 resentencing hearing, the trial court struck the prison prior enhancement and vacated the sentence that had been imposed on account of it. It continued the hearing for consideration of defendant's request that the court exercise its discretion pursuant to section 1385 and *Romero*[4] to eliminate his prior strikes. It denied the request at the continued hearing. Defendant appealed and we affirmed. (*Lewis II*, *supra*, E080083.)

4. *Defendant's Second Section 1172.75 Petition Resulting in This Appeal*

Defendant filed a section 1172.75 petition in May 2025, nearly three years after his prison prior enhancement had been stricken in accordance with that statute. In his petition, defendant argued that his name should be on a list from CDCR, which he asserted was in the trial court's possession. He asked the court to review his file to see if he qualifies for relief, and invited the court "in furtherance of justice to strike or dismiss his legally invalid enhancement(s) that were imposed prior to January 1, 2020." The trial court, apparently deeming defendant's petition as coming under section 1172.1 (no doubt because defendant's prison prior enhancement had already been stricken in

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

accordance with section 1172.75), rejected it with the comment, "[r]ejected

1172.1[, subdivision] (c) … improper format."[5]

Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication but contains a request that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. The brief also notes counsel considered whether the trial court erred when it denied defendant's petition to be resentenced, noting that section 1172.75's authorization for resentencing is limited to persons identified by CDCR and that defendant has not been so identified and is not serving time for any enhancements identified by section 1172.75 as eligible for relief.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary. In response, defendant filed arguments stating that he is entitled to resentencing pursuant to section 1172.75. He is mistaken. As noted *ante*, defendant has already been afforded the benefits of section

---

[5] Section 1172.1 authorizes the trial court to recall a sentence on its own motion and resentence a defendant if the applicable sentencing laws at the time of the defendant's original sentencing had since been changed. (§ 1172.1, subd. (a)(1).) Subdivision (c) of section 1172.1 makes clear that a defendant is not entitled to file a petition seeking relief from the trial court under that section and, if a defendant does request relief, the trial court is not required to respond.

5

1172.75 in August and September 2022, when the trial court held a resentencing hearing that resulted in an order vacating defendant's sentence for the prison prior and a denial of defendant's request that the court exercise its discretion to strike any of the other enhancements.

Neither defendant nor his counsel have presented an issue and, upon our review of the record, we do not find any error.

**DISPOSITION**

The order denying defendant's section 1172.75 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.